UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE M. SINGLETON, Petitioner, v. M. ELIOT SPEARMAN, Respondent. | Case No. 19-cv-00428-WHO (PR)<br><br>**ORDER REOPENING ACTION;**<br>**ORDER TO SHOW CAUSE** |

## INTRODUCTION

Petitioner Terence Singleton seeks federal habeas relief under 28 U.S.C. § 2254 from his state convictions. The petition for such relief states cognizable claims. Accordingly, on or before **February 10, 2020**, respondent shall file an answer or a dispositive motion in response to the petition.

**The petition may be untimely.** Singleton was convicted in 2016 but the present petition was not filed until 2019, which is outside the one-year statute of limitations period for filing a federal habeas petition. *See* 28 U.S.C. § 2244(d)(1). Respondent is directed to consider first if the petition is in fact untimely. If respondent concludes that it is untimely, he may file a motion to dismiss on such grounds, though he is not required to do so.

**BACKGROUND**

In 2016, Singleton was convicted by a San Francisco County Superior jury of second degree robbery. (Am. Pet., Dkt. No. 19 at 1; *People v. Singleton*, No. A148969, 2018 WL 1281675 at *1 (Cal. Ct. App. Mar. 13, 2018).) A sentence of 13 years was imposed. (Am. Pet., Dkt. No. 19 at 12.)

Singleton's attempts to overturn his convictions in state court were unsuccessful. This federal habeas petition followed.

The original petition was dismissed with leave to amend. (Dkt. No. 12.) When Singleton did not file an amended petition by the deadline — which had been extended twice at petitioner's request — the suit was dismissed. (Dkt. Nos. 17 and 18.) Singleton since has filed an amended petition. Accordingly, this action is REOPENED. The Clerk shall modify the docket to reflect this. The judgment and the order of dismissal are VACATED.

**DISCUSSION**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, Singleton claims (1) the evidence was not sufficient to support his convictions; (2) there was instructional error; (3) evidence was wrongly admitted; and (4) there was cumulative error. When liberally construed, these claims are cognizable on federal habeas review.

2

**CONCLUSION**

1. The Clerk shall serve a copy of this order, the petition and all attachments thereto, on respondent and respondent's counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

2. On or before **February 10, 2020**, respondent shall file with the Court and serve on petitioner, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within thirty (30) days of the date the answer is filed.

4. In lieu of an answer, respondent may file, on or before **February 10, 2020**, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within thirty (30) days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within fifteen (15) days of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

1    8. The filing fee has been paid.  (Dkt. No. 11.)

2    9. The suit is REOPENED.  The Clerk shall modify the docket to reflect this.  The
3    judgment and the order of dismissal are VACATED.

4    10. The Clerk shall amend the docket to reflect that M. Eliot Spearman, the warden
5    of the prison in which petitioner is housed, is the sole respondent in this action.  Spearman
6    is the sole proper respondent in this action, as he is the custodian having day-to-day control
7    over petitioner, the only person who can produce "the body" of the petitioner.  *Brittingham*
8    *v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (quoting *Guerra v. Meese*, 786 F.2d
9    414, 416 (D.C. Cir. 1986)).

**IT IS SO ORDERED.**

**Dated:** December 6, 2019



WILLIAM H. ORRICK
United States District Judge