UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE M. SINGLETON,<br>　　　Petitioner,<br>　v.<br>JASON PICKETT,<br>　　　Respondent. | Case No. 19-cv-00428-WHO (PR)<br><br>**ORDER DISMISSING CERTAIN HABEAS CLAIMS;**<br><br>**ORDER SETTING BRIEFING SCHEDULE**<br><br>Dkt. Nos. 28 and 29 |

Petitioner Singleton's motion to dismiss his unexhausted habeas claims and proceed with his exhausted ones only is GRANTED. (Dkt. No. 29.) Respondent's motion to dismiss the unexhausted claims is also GRANTED. (Dkt. No. 28.) Respondent shall file an answer addressing the merits of the surviving claims on or before **October 26, 2020**. Singleton's traverse shall be filed within 30 days after the answer is filed.

Singleton seeks federal habeas relief under 28 U.S.C. § 2254 from his state convictions. The Court found cognizable claims and ordered respondent to show cause. (Dkt. No. 20.) Respondent moved to dismiss the unexhausted claims raised in the habeas petition. (Dkt. No. 28.) In response, Singleton filed a motion to dismiss these unexhausted claims and proceed only with his exhausted claims. (Dkt. No. 29.)

The Order to Show Cause identified four claims: (i) the evidence was not sufficient to support his convictions; (ii) there was instructional error; (iii) evidence was wrongly admitted; and (iv) there was cumulative error. (Dkt. No. 20 at 2.)

In the motion to dismiss, respondent contends Claims iii and iv, and certain sub-claims of the other claims are unexhausted. The motion identifies three sub-claims of insufficient evidence (insufficient evidence of force or fear; insufficient evidence of

identity; insufficient evidence of constructive possession of stolen property); four sub-claims of instructional error (use of an instruction with an improper permissive/mandatory presumption; insufficient evidence to support that permissive inference instruction; faulty instruction on the elements of robbery; improper omission of a circumstantial evidence instruction); three sub-claims that evidence was wrongly admitted (improper admission of hearsay; improper references to a robbery; and improper testimony as to an identification by a witness); and a claim of cumulative error.

Singleton agrees with respondent's contention that some of these claims and sub-claims are not exhausted, and agrees they should be dismissed. (Dkt. No. 28 at 2-3.) Only the following claims shall proceed: (i) insufficient evidence of constructive possession of stolen property; (ii) insufficient evidence for the permissive inference instruction; (iii) insufficient evidence of force or fear; and (iv) insufficient evidence of identity. All other claims are DISMISSED without prejudice.

**Singleton should be aware of the consequences of dismissing his unexhausted claims and proceeding now with his exhausted claims.** A subsequent petition directed to the same conviction (for instance, a petition attempting to raise any unexhausted claims) may be barred as second or successive or abusive. *See* 28 U.S.C. § 2244(b)(1). Singleton also would have to obtain permission from the Ninth Circuit Court of Appeals in order to file such a second or successive petition. *See id.* § 2244(b)(3)(A).

Now that he knows this, Singleton may wish to change his mind and opt either to (1) stay the petition, return to state court to exhaust his claims, or (2) dismiss the petition, exhaust his claims, and return with an exhausted petition. If Singleton wishes to pursue either of these options, he must inform the Court of his decision within 30 days from the date of this order. **If Singleton files nothing by that deadline, the Court will assume he has knowingly rejected the other options, agrees to the dismissal of his unexhausted claims, and wishes to proceed now on his exhausted claims only.**

Singleton is warned of the following. If he chooses to dismiss this case and return later with a completely exhausted petition, the new petition may be barred by the one-year

statute of limitations contained in 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state collateral review (such as a state habeas petition) is pending is excluded from the one-year time limit. *Id.* § 2244(d)(2). Singleton is reminded that the time a federal petition, such as this one, is pending is not excluded from the one-year limit. *Duncan v. Walker*, 121 S. Ct.2120, 2129 (2001).

If Singleton chooses to stay the petition, he must also show good cause why his claims were not previously exhausted and that they are "potentially meritorious" under *Rhines v. Webber*, 544 U.S. 269 (2005). If the action is stayed, he must act diligently to file in the California Supreme Court and to obtain a decision from that court on his unexhausted claims. He would also be required to notify this Court within thirty days of the California Supreme Court's final decision on his unexhausted claims, and move to reopen this action.

Respondent shall file an answer addressing the merits of the surviving claims on or before **October 26, 2020**. Singleton's traverse shall be filed within 30 days after the answer is filed. If this suit is stayed, this briefing schedule will be vacated.

The Clerk shall terminate all pending motions. The Clerk shall also reinstate Jason Pickett as the respondent in this action, and shall terminate Spearman as respondent.

**IT IS SO ORDERED.**

**Dated:** July 20, 2020

WILLIAM H. ORRICK
United States District Judge